## MATTER OF MARTINEZ

## In Deportation Proceedings

### A-34691362

### *Decided by Board April 25, 1979*

(1) Charge of entry without inspection and being a trafficker in marihuana was not sustained where the immigration judge relied solely upon the transcript of the hearing of the alien's brother to provide evidence of deportability and to link the alien to the Record of Deportable Alien (Form I-213) offered into evidence, and where the alien's deportability was not in issue at the brother's hearing and the alien was not present to defend himself or cross-examine witnesses.

(2) The Service's motion to consolidate the appeals of an alien and his brother, who were tried at separate hearings, denied because the alien was denied a fair hearing when, over the respondent's objections, the immigration judge accepted into evidence the transcript of the brother's hearing at which the alien was not present and had not been able to defend himself or cross-examine witnesses.

(3) The record will be remanded for a hearing *de novo* where the only evidence establishing deportability is contained in a transcript of a hearing at which the alien was not present and could not defend himself or cross-examine witnesses.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Excludable at time of entry (section 212(a)(23) of the Act, 8 U.S.C. 1182(a)(23))—illicit trafficker of marihuana

ON BEHALF OF RESPONDENT:
Joseph J. Rey, Jr., Esquire
100 N. Florence
El Paso, Texas 79901

ON BEHALF OF SERVICE:
E. M. Trominski
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated December 8, 1978, an immigration judge found the respondent deportable as charged and ordered him deported. The respondent has appealed from this decision. The Service at the same time also moves to consolidate this appeal with that of the respondent's brother. The Service's motion will be denied. The record will be remanded to the immigration judge for a hearing *de novo*.

The respondent is a 32-year-old native and citizen of Mexico, and a lawful permanent resident of the United States. On April 25, 1976, the

respondent and two other aliens were arrested by Service authorities near El Paso, Texas, for having entered the United States without inspection. On October 12, 1978, an Order to Show Cause was issued, charging the respondent with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), as one who had entered without inspection, and under section 241(a)(1) of the Act, 8 U.S.C. 1251(a)(1): one excludable at time of entry under section 212(a)(23) of the Act, 8 U.S.C. 1182(a)(23), as a trafficker in marihuana. At the deportation hearing, with benefit of counsel, the respondent denied that he had entered without inspection and also denied that he had transported a suitcase containing marihuana across the Rio Grande River into the United States. The immigration judge found that the respondent had entered without inspection and that he was a trafficker in marihuana, and that these findings were supported by clear, convincing, and unequivocal evidence. He ordered the respondent deported.

On appeal, the respondent contends that the immigration judge accepted hearsay evidence and that he abused his discretion. He claims that the only evidence of deportability presented was the record of the deportation hearing of the respondent's brother. He further contends that he was deprived of due process because he had no opportunity to be confronted with the evidence against him and because he was refused the right of cross-examination and confrontation of witnesses.

The evidence relied on by the immigration judge was in fact contained in the transcript of the deportation hearing for the respondent's brother, who was arrested the same night and under the same circumstances as the respondent, and in the Record of Deportable Alien (Form I-213) completed the night the respondent was arrested. The immigration judge found that the testimony given at the hearing of the respondent's brother was sufficient to prove that the respondent had crossed the border without inspection, carrying a suitcase of marihuana, and that the testimony was sufficient to link the respondent to the Form I-213 offered into evidence at the respondent's hearing.

The problem with these conclusions is that at the brother's hearing, the respondent's actions were not in issue. Although there were numerous references to the respondent, most of them were in the context of his brother's attempt to defend himself against his own charges, not in the context of the respondent's defense to the charges brought against him at his own hearing. We cannot therefore agree that the evidence developed at the brother's hearing establishes the present respondent's deportability. He was not there to defend himself. To incorporate that testimony by reference would be to deprive him of his right to cross-examine the witnesses against him, the objection raised by the respondent at both the hearing and on appeal.

For reasons implicit in the preceding discussion, we consider the

Service's motion for consolidation of the appeals of both individuals inappropriate. The case cited in support of consolidation is *Matter of Taerghodsi*, Interim Decision 2596 (BIA 1977). That case concerns the authority of an immigration judge at the hearing level to consolidate cases under 8 C.F.R. 242.8(a). This is an entirely different setting. Regardless of the reason the two respondents were not originally tried at a joint hearing, it is too late to bring their cases together on appeal. To do so now would be to violate the respondent's right to due process, as it would be necessary to assume that he had already had a fair hearing on the issue of his deportability. We have not found this to be the case.

For these reasons, then, the Service's motion to consolidate the appeals will be denied and the record will be remanded to the immigration judge for a hearing *de novo*.

ORDER: The record is remanded to the immigration judge for a hearing *de novo*.