United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60722
Summary Calendar

_____

NICKEY DEANE; CAROL ANGELINE DEANE; DUANE ANDRE DEANE;
DENYSE DEANE, DANIELLA ALANA DEANE,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75-947-568
BIA No. A75-947-565
BIA No. A75-947-566
BIA No. A75-947-569
BIA No. A75-947-570
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Nickey, Carol, Duane, Denyse, and Daniella Deane[**] have

filed a consolidated petition for review of the Board of

Immigration Appeals' (BIA's) order in their removal proceedings.

They argue that the immigration judge (IJ) erred in determining

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**] Nickey and Carol Deane are the parents of Duane, Denyse,
and Daniella. See blue brief, 2.

that they were removable based solely on uncontroverted Non-Immigrant Information System (NIIS) reports which showed the name, date of birth, and country of birth of each of the petitioners, and which showed that each of the petitioners had entered the United States as visitors in 1993 but had not departed. They argue that the NIIS reports were never properly authenticated or verified by the Immigration and Naturalization Service (INS).

The test for admissibility of evidence in deportation proceedings is whether the evidence is probative and fundamentally fair so as not to deprive the alien of due process. Bustos-Torres v. INS, 898 F.2d 1053, 1055 (5th Cir. 1990). The Federal Rules of Evidence are not applicable. Id. Whether the BIA erred in relying on the NIIS reports is a question of law that this court reviews *de novo*. See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001)(BIA rulings on questions of law are reviewed *de novo*); see also Yongo v. INS, 355 F.3d 27, 30 (1st Cir. 2004) (reviewing, *de novo*, a claim that BIA relied on unauthenticated documents).

"[O]fficial INS documents have been admitted in deportation proceedings . . . when the person to whom the document refers does not attempt to impeach the information in the document." Bustos-Torres, 898 F.2d at 1056. Moreover, the requirement of authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent

claims." <u>McConathy v. Dr. Pepper/Seven Up Corp.</u>, 131 F.3d 558, 562 (5th Cir. 1998). Each of the NIIS reports offered into evidence contained a stamp certifying that they were reports obtained from INS records of which the Attorney General was the legal custodian. The agent who offered the reports testified regarding the source of the information in the reports and explained how the reports were generated. This information was sufficient to establish the authenticity of the reports. We find the decision in <u>Matter of Martinez</u>, 16 I. & N. Dec. 723, 724, 1979 WL 44437 (BIA Apr. 25, 1979), to be inapposite.

During their testimony at the hearing, the petitioners admitted their identities but invoked the Fifth Amendment in response to all further questioning. Although their attorney elicited testimony that information contained in NIIS reports *might* not be correct, the petitioners made no attempt to show that the information in the reports before the IJ were, in fact, incorrect. Under such circumstances, the BIA did not err in determining that the INS established deportability by clear and convincing evidence. <u>See</u> <u>Hernandez-Garza v. INS</u>, 882 F.2d 945, 947 (5th Cir. 1989).

Accordingly, the petition for review is DENIED. We do not consider the petitioners' argument that the IJ erred in determining that their motion to suppress was moot. The petitioners' motion for costs and attorney's fees is DENIED. <u>See</u> 5TH CIR. R. 47.8.2(a).