Pedro **BUSTOS–TORRES**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 89–4738
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 26, 1990.

---

Peter Williamson, Houston, Tex., for petitioner.

Donald A. Couvillon, Richard M. Evans, Alice M. Smith, Allen W. Hausman, Richard Thornburgh, Atty. Gen., U.S. Dept. of Justice, Robert L. Bombaugh, Washington, D.C., John B.Z. Caplinger, I.N.S., New Orleans, La., Ronald G. Parr, Houston, Tex., for respondent.

Before WILLIAMS, HIGGINBOTHAM, and SMITH, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Pedro Bustos–Torres appeals from the Board of Immigration Appeals' final order of deportation. Because the immigration judge did not err in admitting the INS Form I–213 (Record of Deportable Alien), and because Bustos did not refute any of the statements in the form which were sufficient for a prima facie showing of deportability, we affirm.

I

On April 5, 1985, the immigration judge found Bustos deportable as charged for entering the United States without inspection in violation of 8 U.S.C. § 1251(a)(2). At the deportation hearing Bustos identified himself, but refused to plead to the Order to Show Cause and refused to answer the immigration judge's questions, pleading his Fifth Amendment privilege. The INS submitted a Form I–213 Record of Deportable Alien relating to a Pedro Bustos–Torres, which stated that he is a native and citizen of Mexico who entered the United States without inspection in 1981. Attached to the form is an attestation by the INS's trial attorney that it is authentic and a true and correct copy of the original document taken from the INS's files. The record also contains a letter from the district director, pursuant to 8 C.F.R. § 103.7(d)(2), authorizing any trial attorney, acting on behalf of the district director, to certify as to authenticity, originality, and custodial source of any record from any file presented as government evidence in any hearing. Bustos objected to the admission of the Form I–213, conceding that the trial attorney's authentication certified the custodial source of the document, but argued that the document was hearsay, and that the officer who made it should be present for cross-examination and to authenticate the document. The hearing was adjourned so that the officer could be produced. The officer was not available to testify at the continued hearing, as he was at the Dallas office and the hearing was in Houston. The INS produced an affidavit of the officer attesting that he filled out the form based upon an interview with the alien and this affidavit was admitted over Bustos's objections, including an objection that there was no indication that Bustos had executed a Form I–214, Warning as to Rights, or that he was told that he did not have to speak with the arresting officer. No further evidence was presented, and the judge found Bustos deportable.

Bustos appealed to the Board of Immigration Appeals, which affirmed the immigration judge's finding of deportability. Bustos appeals to this court.

II

In determining whether Bustos's deportation was proper, we must answer three questions. First, is a Form I–213 admissible evidence in a deportation proceeding without the testimony of the officer who completed the form to authenticate it and to explain the source of the information? Second, is a Form I–213 admissible in a deportation proceeding when there is no evidence that the alien was informed of any right to remain silent? Third, if the form is admissible, is it by itself sufficient to make a prima facie showing of deportability, requiring the alien to produce evidence of legal presence in this country?

### A. Admissibility Without Supporting Testimony

Bustos alleges that the Form I–213 amounts to hearsay, and is not properly admissible without the testimony of the officer who filled out the form, so that he may be available for cross examination. First we note that the rules of evidence applicable in the courts are not applicable in deportation proceedings. *Soto–Hernandez v. INS*, 726 F.2d 1070 (5th Cir.1984). Nonetheless, due process standards of fundamental fairness extend to the conduct of deportation proceedings. *Bridges v. Wixon*, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945). The test for admissibility of evidence in a deportation proceeding is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law. *See, e.g., Calderon–Ontiveros v. INS*, 809 F.2d 1050 (5th Cir.1986); *Baliza v. INS*, 709 F.2d 1231 (9th Cir.1983); *Tashnizi v. INS*, 585 F.2d 781 (5th Cir.1978); *Trias–Hernandez v. INS*, 528 F.2d 366 (9th Cir.1975).

In *Trias–Hernandez*, the Ninth Circuit considered the admissibility of a Form I–213, and determined that it was properly admitted, despite the alien's objections on the grounds that: "(1) he was not advised of his rights as required by *Miranda*"; "(2) the INS did not comply with its own

regulation, 8 C.F.R. § 287.3"; "(3) it was inadmissible hearsay; and (4) no interpreter was present at the interrogation." 528 F.2d at 368. Bustos makes similar claims but none require reversal. Several courts have held that Form I–213 is admissible, despite its hearsay character. Hearsay is admissible in administrative proceedings, so long as the admission of evidence meets the tests of fundamental fairness and probity. *Calderon–Ontiveros*, 809 F.2d at 1053; *Trias–Hernandez*, 528 F.2d at 369; *Martin–Mendoza v. INS*, 499 F.2d 918, 921 (9th Cir.1974). The Form I–213 is essentially a recorded recollection of a conversation with the alien, and there is no evidence that the statements were not those of the petitioner or that they were the result of coercion.

■ The affidavit of the examining officer shows that the information in the Form I–213 is based upon statements of the petitioner, and the petitioner does not contest their validity. In *Tejeda–Mata v. INS*, 626 F.2d 721, 724 (9th Cir.1980), the court held that the authenticity of a Form I–213 was sufficiently established by the testimony of the examining officer, who identified it as the form prepared by him when he questioned the alien. Here there was no such testimony by the examining officer, but his affidavit to that effect was introduced into evidence.[1] Because the rules of evidence do not apply in deportation hearings, the admission of this affidavit was not error, for it is probative, and not fundamentally unfair.

Official INS documents have been admitted in deportation proceedings without being identified by the signer when the person to whom the document refers does not attempt to impeach the information in the document. *Vlisidis v. Holland*, 245 F.2d 812 (3d Cir.1957). *Cf. Baliza v. INS*, 709 F.2d 1231, 1234 (9th Cir.1983).[2] Bustos does not contest that the Form I–213 reflects the officer's examination, nor did he attempt to impeach the information on the form. A similar INS apprehension report was admitted in *Calderon–Ontiveros* for the purpose of showing that the alien had been out of the country and then returned, and there is no indication that the officer who had completed the form testified at the later hearing. 809 F.2d at 1053. The court did not find the report inadmissible because it was hearsay, holding that "[t]he Administrative Procedure Act, which governs such hearings, excludes only 'irrelevant, immaterial, or unduly repetitious evidence.' 5 U.S.C. § 556(d)." *Id.* The Form I–213 relating to Bustos is clearly relevant and material and is not repetitious, so it was properly admitted.

### B. Admissibility With No Evidence of Warnings

■ *Miranda* warnings are not required in the deportation context, for deportation proceedings are civil, not criminal in nature, and the Sixth Amendment safeguards are not applicable. *Trias–Hernandez*, 528 F.2d at 368. *Lavoie v. INS*, 418

---

1. The affidavit declared that Pablo Hernandez is an investigator with INS, that on November 9, 1984, he prepared a Form I–213 for "Pedro Bustos–Torres" under INS no. "A26 900 740," that the contents of the form were the result of his interview with that alien, that the information was given "freely and voluntarily," and that the investigator signed the form. The affidavit also stated that the alien admitted being a citizen of Mexico.

2. In *Baliza*, the trial court accepted the version of the facts set out in a witness's affidavit although it was directly contradicted by the alien and the government had made no effort to produce the witness. The Ninth Circuit reversed because this was problematic in light of Congress' requirement that an alien in deportation proceedings be afforded "a reasonable opportunity ... to cross-examine witnesses presented by

the Government." 8 U.S.C. § 1252(b)(3). The court stated:

> The purpose of this statutory guarantee cannot be fulfilled, however, if the government's choice whether to produce a witness or to use a hearsay statement is wholly unfettered * * * Recognizing the Government's lack of control over potential witnesses, this court has upheld the admission of hearsay evidence in a number of cases in which the government was unable to produce the witness for cross-examination.... The troubling aspect of this case is the lack of effort the government expended to produce [the witness].

*Baliza v. INS*, 709 F.2d at 1234. In this case there is no contradiction of the officer's affidavit, and the government has given a reason for the absence of the witness.

F.2d 732, 734 (9th Cir.1969). Because deportation hearings must conform to due process standards, however, an alien's involuntary statements cannot be used against him in a deportation hearing. *See United States v. Alderete–Deras,* 743 F.2d 645, 647 (9th Cir.1984); *Choy v. Barber,* 279 F.2d 642, 647 (9th Cir.1960). An alien's statements to immigration officers are not considered involuntary absent any showing of "coercion, duress, or improper action on the part of the immigration officer." *Cuevas–Ortega v. INS,* 588 F.2d 1274, 1278 (9th Cir.1979). Bustos has not alleged any coercion, duress, or improper actions by the immigration officer.

The INS has instituted its own regulations imposing a duty on its officers to give certain warnings. 8 C.F.R. § 287.3 provides:

> An alien arrested without a warrant ... shall be examined ... by an officer.... After the examining officer has determined that formal proceedings ... will be instituted, an alien arrested without warrant ... shall be advised of the reason for his/her arrest and the right to be represented by counsel of his/her choice, at no expense to the government. The alien shall also be provided with a list of the available free legal services programs ... It shall be noted on Form I–213 that such a list was provided to the alien. The alien shall also be advised that any statement made may be used against him/her in a subsequent proceeding....

The plain language of this regulation does not require warnings similar to *Miranda* warnings to be issued before the examination that provides the information to be noted on the Form I–213.

The Seventh and Ninth Circuits have held that an alien's statements were admissible despite the lack of *Miranda*-type warnings that he had the right to remain silent. *Alderete–Deras,* 743 F.2d at 648; *Trias–Hernandez,* 528 F.2d at 368; *Chavez–Raya v. INS,* 519 F.2d 397 (7th Cir. 1975). In particular, the Seventh Circuit reasoned:

> A principal purpose of the *Miranda* warnings is to permit the suspect to make an intelligent decision as to whether to answer the government agent's questions [citations omitted]. In deportation proceedings, however,—in light of the alien's burden of proof, the requirement that the alien answer non-incriminating questions, the potential adverse consequences to the alien of remaining silent, and the fact that an alien's statement is admissible in the deportation hearing despite his lack of counsel at the preliminary interrogation—*Miranda* warnings would be not only inappropriate but could also serve to mislead the alien.

*Chavez–Raya,* 519 F.2d at 402. The Form I–213 was not inadmissible in this case because of any lack of warnings.

### C. Prima Facie Case

Bustos argues that finding the Form I–213 to be sufficient for a prima facie case of deportability results in deportation by dossier, and that the form is not the clear and convincing evidence necessary for deportation. Although the government has the ultimate burden of proving deportability by clear and convincing evidence, in a § 1251(a)(2) case charging deportability of an alien who entered the country without inspection, the government need only show alienage. Then 8 U.S.C. § 1361 [3] imposes a statutory presumption that the alien is in the country illegally, and that the burden shifts to the alien to prove that he is here legally.

The Ninth Circuit has held that

> Once the forms have been properly admitted, the Service's *prima facie* case of

---

**3.** 8 U.S.C. § 1361 provides in pertinent part: In any deportation proceeding under part V of this subchapter against any person, the burden of proof shall be upon such person to show the time, place, and manner of his entry into the United States, but in presenting such proof he shall be entitled to the production of his visa or other entry document, if any, and of any other documents and records, not considered by the Attorney General to be confidential, pertaining to such entry in the custody of the Service. If such burden of proof is not sustained, such person shall be presumed to be in the United States in violation of law.

1058

deportability is made. (8 U.S.C. § 1361.) The burden of going forward to produce evidence of nondeportability then shifts to the petitioners. No abridgement of the petitioners' Fifth Amendment rights are involved in requiring them to go forward with the production of evidence. *Cabral–Avila v. INS*, 589 F.2d 957, 959 (9th Cir.1978).

We adopt the position of the Ninth Circuit and hold that the Form I–213 presented uncontested evidence that Bustos was an alien, a citizen of Mexico, and, therefore, was sufficient for the government's prima facie case of deportability.

AFFIRM.