19 F.3d 11
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rosario MINEO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-1631.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 6, 1993.
Decided Feb. 24, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service.
 Ronald D. Richey, L. Johnson & Associates, P.C., Wheaton, Md., for petitioner.
 Frank W. Hunger, Assistant Attorney General, David J. Kline, Assistant Director, William J. Howard, Civil Division, United States Department of Justice, Washington, D.C., for respondent.
 I.N.S.
 PETITION DENIED.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Rosario Mineo petitions for review of an order of the Board of Immigration Appeals ("BIA") denying Mineo's motion to suppress evidence and ordering his deportation. For the reasons set forth below, we deny the petition.
 
 
 2
 During an employer sanctions investigation, Special Agent Nicholas Ambrosone of the Immigration and Naturalization Service ("INS") met Rosario Mineo. After questioning Mineo, Ambrosone took him into custody. Mineo expressed his willingness to answer questions without the advice of counsel or any other person and gave a sworn statement.
 
 
 3
 The INS issued an order to show cause to Mineo, alleging that he was a native and citizen of Italy who entered the United States on January 23, 1988, as a nonimmigrant visitor for pleasure. Mineo was authorized to remain in the United States until January 22, 1989. The INS alleged that he remained in the United States beyond that date without authority and was deportable.
 
 
 4
 Mineo denied the allegations, denied his deportability, and moved to suppress evidence and to terminate the proceedings. He alternatively requested voluntary departure, and he withheld designation of a country of deportation. In support of his motion to suppress, Mineo filed an affidavit alleging that he was approached and questioned by an INS officer. Believing that he was required to respond, Mineo answered the questions. The officer took Mineo's passport and took him to the INS office. There, he was interrogated at length. He was allowed no phone calls, was not advised of his rights to the presence of counsel or to remain silent. Under the threat of imprisonment, Mineo answered the questions. He was interrogated in English, although he is not fluent in that language.
 
 
 5
 At the deportation hearing, Mineo exercised his right against selfincrimination under the Fifth Amendment. He presented no evidence in support of his motion to suppress.
 
 
 6
 The government presented Mineo's affidavit and his Arrival Departure record, contending that they supported the allegations in the order to show cause. The government stated that there was also sufficient independent evidence to prove the allegations, including Mineo's application to extend his stay and the INS's Nonimmigrant Information System report on Mineo. These documents showed that Mineo was a nonimmigrant visitor from Italy who was authorized to remain in the United States until January 22, 1989.
 
 
 7
 Ambrosone testified that he was conducting an employer sanctions case when he met Rosario Mineo. He also testified that he advised Mineo of his right to counsel and took Mineo's statement. Mineo was accompanied by a friend, Mr. Necari, who acted as interpreter. Neither Mineo nor Necari expressed any problem understanding Ambrosone's questions.
 
 
 8
 The immigration judge ("IJ") denied Mineo's motion to suppress, finding that the conduct of the INS was not improper and not egregiously improper as required for suppression of evidence. The IJ found that Mineo was a fifty-five year old native and citizen of Italy and that he was deportable under 8 U.S.C.A. Sec. 1251(a)(1) (West Supp.1993). The IJ stated that there were no adverse inferences drawn from Mineo's exercise of his Fifth Amendment privilege, and the government proved by clear, convincing and unequivocal evidence that Mineo was deportable. Alternatively, the IJ noted that there was sufficient independent evidence of Rosario Mineo's illegal status, especially the INS's information system on nonimmigrant persons. Mineo was granted voluntary departure by March 23, 1990.
 
 
 9
 The BIA dismissed Mineo's appeal, finding that he failed to establish a prima facie case to support his motion to suppress. Notably, there was no evidence of an illegal arrest or interrogation; no evidence that threats, physical abuse, promises, extensive interrogation, or deprivation of food or drink prompted Mineo's admission; and no evidence of interference with Mineo's exercise of his rights, or that he was misinformed of his rights. The BIA also noted that the exclusionary rule does not apply in immigration hearings.
 
 
 10
 The BIA affirmed the IJ's finding that the application for extension of stay and the INS's Nonimmigrant Information System printout were independent evidence which proved Mineo's deportability. Stating that evidence is admissible if probative and fundamentally fair, the BIA found that Mineo's statement and his passport were admissible. Also, the copy of Mineo's passport was compared to the original, and the INS agent was available for cross-examination. Concluding that the government's proof was clear, convincing and unequivocal, the BIA dismissed the appeal and granted Mineo voluntary departure within thirty days, with an alternate order of deportation to Italy. Mineo petitioned this Court for review of that order, challenging the ruling on his motion to suppress and the admission of the documents to prove his deportability.
 
 
 11
 An immigration judge may "receive in evidence any oral or written statement which is material and relevant to any issue in the case previously made by the respondent or any other person during any investigation, examination, hearing, or trial." 8 C.F.R. Sec. 242.14(c) (1993). The exclusionary rule does not apply in civil deportation cases absent egregious constitutional violations. Immigration & Naturalization Serv. v. Lopez-Mendoza, 468 U.S. 1032, 1049-50 (1984). Evidence is excludable if the manner of seizing evidence is so egregious that to rely on it would be fundamentally unfair. Bustos-Torres v. INS, 898 F.2d 1053, 1055 (5th Cir.1990).
 
 
 12
 In support of his motion to suppress his sworn statement, Mineo submitted only his affidavit. We find that the statements in Mineo's affidavit, if true, fail to show that the INS agent's actions were so egregious as to violate Mineo's Fifth Amendment rights and render admission of Mineo's Arrival-Departure record and his sworn statement fundamentally unfair. See Lopez-Mendoza, 468 U.S. at 1050. Additionally, the INS agent was not required to advise Mineo of his rights, because deportation proceedings had not commenced at the time of the interrogation. See 8 C.F.R.Sec. 287.3 (1993). We find that the BIA properly upheld the IJ's denial of the motion to suppress this evidence.
 
 
 13
 Mineo contends that uncertified and unauthenticated copies of his Arrival-Departure record and his passport were admitted, and the facsimile of his Application for Temporary Stay and the INS's Nonimmigrant Information System report were not the best evidence. Mineo argues that these documents were inadmissible, and therefore the INS failed to meet its burden of proving deportability by clear, unequivocal, and convincing evidence.
 
 
 14
 The alien must carry the Arrival-Departure form at all times and must present it to an INS agent upon request. 8 U.S.C. Sec. 1304(e) (1988); 8 C.F.R. Sec. 264.1(a) (1993). Production of this form is not subject to the Fifth Amendment privilege against self-incrimination. In re Chen, 15 I. & N. Dec. 480, 482 (BIA 1975) (citing United States v. Sacco, 428 F.2d 264, 271 (9th Cir.), cert. denied, 400 U.S. 903 (1970)). We find that the BIA properly concluded that the IJ appropriately considered Mineo's Arrival-Departure record during the deportation hearing.
 
 
 15
 The Federal Rules of Evidence are not applicable to deportation proceedings; rather, the test for admissibility is whether the evidence is probative and fundamentally fair. Bustos-Torres v. INS, 898 F.2d at 1055. We find that use of the facsimile of Mineo's application to extend his temporary stay, while perhaps not the best evidence, was not fundamentally unfair; especially in light of INS counsel's offer to have the INS officer who sent the facsimile testify telephonically.
 
 
 16
 An INS officer testified that the information on which the Nonimmigrant Information System report is based was entered into the system contemporaneously with the occurrences reported. We find that the BIA appropriately affirmed the IJ's admission of this report.
 
 
 17
 The documents admitted by the INS contained clear, convincing, and unequivocal evidence that Mineo was authorized to remain in the United States only until January 22, 1989, that he overstayed this authorization, and that he is deportable. Therefore, we deny Mineo's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.