United States Court of Appeals

Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-61134
Summary Calendar

_____

GILL OK GWAG,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A93 332 519
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gill Ok Gwag petitions this court to review the decision of

the Board of Immigration Appeals (BIA) denying Gwag's application

for adjustment of status and granting voluntary departure in lieu

of removal and deportation.  The immigration judge (IJ) denied

Gwag's application for adjustment of status because he lacked

jurisdiction to adjudicate the application following the death of

Gwag's brother, who had filed an I-130 petition on Gwag's behalf.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Under applicable regulations, the death of Gwag's brother resulted in the automatic revocation of the previously-approved I-130 petition absent a discretionary determination by the Attorney General that revocation would be inappropriate for humanitarian reasons. See 8 C.F.R. § 205.1(a)(3)(i)(C). The death certificate for Gwag's brother, viewed in conjunction with Gwag's admission that his brother passed away before he had interviewed with the INS and the Notice of Automatic Revocation ("the Notice") introduced by the Immigration and Naturalization Service (INS) provided substantial evidence to support the IJ's determination that approval of the I-130 petition had been revoked. See Omagah v. Ashcroft, 288 F.3d 254, 258 (5th Cir. 2002). Gwag's contention that the Notice was not properly authenticated is inadequately briefed and hence will not be considered by this court. Arguments must be properly briefed in order to be preserved. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9); see Yohey, 985 F.2d at 225.

Given the revocation of the I-130 petition, we cannot agree with Gwag's contention that the IJ abused his discretion in determining that he lacked authority to adjudicate Gwag's application for adjustment of status. See 8 U.S.C. §§ 1154,

1255. Nor can we agree with Gwag's contention that this matter should be remanded for consideration of his eligibility for relief under the Family Sponsor Immigration Act of 2002 ("FSIA"). See Pub. L. No. 107-150, 116 Stat. 75. Under the provisions of the FSIA, any request for consideration under that act must first be presented to the INS. See id. We therefore decline to remand the matter to the BIA.

Gwag's remaining contention is that he was denied due process before the IJ because he was not allowed to present certain evidence. He submits that equity and due process require reversal of the IJ's decision. Because the IJ was without authority to adjudicate Gwag's application for adjustment of status, the evidence described by Gwag was not probative and the IJ's refusal to admit such evidence did not violate Gwag's due process rights. See Bustos-Torres v. INS, 898 F.2d 1053, 1055 (5th Cir. 1990).

Gwag's petition for review is DENIED.