# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2014

Lyle W. Cayce
Clerk

ANA MARISOL AGUILAR RIVERA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 627 127

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Ana Marisol Aguilar Rivera, a citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Rivera sought relief based on her allegations of domestic abuse by her boyfriend in El Salvador. The IJ denied relief after concluding that, based on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60252

various inconsistencies and discrepancies in the evidence, Rivera was not credible. The BIA also found Rivera was not credible and dismissed her appeal.

Rivera first argues that the IJ and BIA erred by considering certain immigration documents. Although the rules of evidence are not applicable in removal proceedings, "due process standards of fundamental fairness extend to the conduct of deportation proceedings." *Bustos-Torres v. INS,* 898 F.2d 1053, 1055 (5th Cir. 1990). The test for admissibility of evidence is "whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law." *Id.* We conclude that the immigration forms in question were probative of Rivera's credibility and that their admission was not fundamentally unfair. Therefore, Rivera has not shown that the IJ and BIA erred by admitting these forms.

Rivera also challenges the adverse credibility determination. We review an immigration court's findings of fact for substantial evidence. *See Wang v. Holder,* 569 F.3d 531, 536 (5th Cir. 2009); *Zhang v. Gonzales,* 432 F.3d 339, 344-45 (5th Cir. 2005). "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang,* 569 F.3d at 538 (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1158(b)(1)(B)(iii). Because we conclude that it is not plain from the totality of the circumstances "that no reasonable fact-finder could make such an adverse credibility ruling," we defer to the IJ and BIA's credibility determination. *Wang,* 569 F.3d at 538 (internal quotation marks and citation omitted). Because Rivera was not credible, the IJ and BIA correctly concluded that she had not established her eligibility for any of the relief she sought.

Accordingly, Rivera's petition for review is DENIED.