# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60532
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2017

Lyle W. Cayce
Clerk

MARCO ANTONIO SALGUERA-DE TRINIDAD,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 228 758

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Marco Antonio Salguera-de Trinidad is a citizen of Nicaragua who entered this country without being admitted or paroled and who was subsequently charged as being removable on this basis. Now, he petitions this court for review of an order of the Board of Immigration Appeals (BIA) upholding the immigration judge's (IJ's) determination that he was not entitled to asylum, withholding of removal, or protection under the Convention

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60532

Against Torture (CAT) because he was not credible.  He contends that the IJ and BIA erred by considering a statement he gave to an immigration officer during a credible fear interview and by concluding that he should have provided corroborating affidavits from his siblings.  He insists that he was credible.

We "review only the BIA's decision, unless the IJ's decision has some impact on" that decision.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  We review the factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Wang*, 569 F.3d at 537.

An adverse credibility determination may be supported by "any inconsistency or omission," provided that "the totality of the circumstances establishes that an asylum applicant is not credible."  *Id.* at 538 (internal quotation marks, emphasis, and citation omitted).  Our review of the record as a whole shows that the evidence does not compel a conclusion contrary to that reached by the IJ and BIA on the issue whether Salguera-de Trinidad was credible.  *See id.* at 537-40.

To the extent Salguera-de Trinidad contends that the IJ erred by considering the statement given during his credible fear interview because the statement amounts to hearsay, this does not suffice to show error because hearsay is generally admissible in immigration proceedings.  *See Bustos-Torres v. INS*, 898 F.2d 1053, 1056 (5th Cir. 1990).  The IJ likewise did not err by noting the conspicuous absence of reasonably available corroborating evidence.

2

No. 16-60532

*See Wang*, 569 F.3d at 539; *Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005).

Our review of the record as a whole shows that the evidence does not compel a conclusion contrary to that reached by the IJ and BIA on the issue whether Salguera-de Trinidad was credible. *See Wang*, 569 F.3d at 537-40. Because Salguera-de Trinidad has not presented credible evidence showing that he is entitled to asylum, he has not shown that he is entitled to withholding of removal or relief under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). Consequently, his petition for review is DENIED.