# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

No. 16-60294
Summary Calendar

MAYRA AIDE HOLGUIN-MENDOZA, also known as Mayra Ayde Holguin-Mendoza,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 784 353

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mayra Aide Holguin-Mendoza, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) denial of cancellation of removal under 8 U.S.C. § 1229b. Holguin-Mendoza maintains that she was denied due process on multiple grounds at the removal hearing. We have jurisdiction to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60294

review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), and review de novo claims of due process violations, *see Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).

Holguin-Mendoza argues that the IJ erred by allowing the admission of a Form I-213, a Record of Deportable/Inadmissible Alien, which set forth that she twice was apprehended at the border attempting to smuggle aliens into the United States. She maintains that the form was inaccurate hearsay and was introduced without proper notice.

The test for the admissibility of evidence offered in a removal proceeding is whether the evidence is probative and whether "its use is fundamentally fair so as not to deprive the alien of due process of law." *Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990). A Form I-213 is presumed to be trustworthy and admissible, unless there is evidence that it contains information that is incorrect or was obtained by coercion or duress. *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988).

Holguin-Mendoza did not dispute the contents, creation, or reliability of the Form I-213. Instead, she confirmed at the removal hearing that the form, which was probative, correctly described her alien smuggling attempts. Given that she has not shown that the Form I-213 was inaccurate or unreliable, she has not established that its admission was erroneous or fundamentally unfair. *See Bustos-Torres*, 898 F.2d at 1056; *Matter of Barcenas*, 19 I. & N. Dec. at 61. To the extent that the form, which was used as impeachment evidence, was belatedly offered, *but cf.* FED. R. CIV. P. 26(a)(1)(A)(ii) (providing an exception to disclosure requirements where record is for impeachment purposes), Holguin-Mendoza has not shown a violation of fundamental fairness or an effect on her ability to address the form's contents or to present her case. *See Bustos-Torres*, 898 F.2d at 1055.

No. 16-60294

Moreover, Holguin-Mendoza maintains that the IJ violated due process by denying her right to cross-examine the officer who prepared the Form I-213. However, a Form I-213 may be admitted without the chance to cross-examine its drafter if there is no indication that the form is inaccurate or untrustworthy. *See Bustos-Torres*, 898 F.2d at 1055-56; *see also Olabanji* v. INS, 973 F.2d 1232, 1234 n. 1 (5th Cir. 1992) (noting that an alien may not assert a right to cross-examination to prevent the Government from proving uncontested facts). Because Holguin-Mendoza has not shown that the Form I-213 was erroneously drafted or otherwise is unreliable, she has not established that there was a need to cross-examine the form's drafter. Likewise, because she failed to identify any error in the form, she has not established that she was affected by an inability to cross-examine the preparer. *See Olabanji*, 973 F.2d at 1234 n.1.

Holguin-Mendoza additionally argues that the IJ improperly allowed her to be examined about the alien smuggling incidents even though the matters were outside the scope of direct examination. To the extent that this argument is based solely on a purported violation of the Federal Rules of Evidence, it is unavailing because the rules of evidence do not apply in a removal proceeding. *See Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012). The examination about the incidents otherwise regarded issues reflected in Holguin-Mendoza's application for relief and her testimony to the IJ. Also, the incidents implicated the credibility of Holguin-Mendoza's representations – in the application and her testimony to the IJ – as to her prior entries and departures and her past arrests. The record additionally supports that Holguin-Mendoza was afforded a full and fair hearing and was not deprived of fundamental fairness. *See id.* at 180; *Bustos-Torres*, 898 F.2d at 1055.

The petition for review is DENIED.