# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60463
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2019

Lyle W. Cayce
Clerk

MIRNA HAYDEE MURILLOS-DUBON,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 375 036

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mirna Haydee Murillos-Dubon, a native and citizen of El Salvador, seeks review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal of an order from the immigration judge (IJ) denying Murillos-Dubon's request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She challenges the BIA's decision to uphold the IJ's determinations that she lacked credibility, did not present reasonably

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

available corroborating evidence, and, even if credible, failed to establish her eligibility for withholding of removal.  She also argues that the BIA erred in rejecting her claims that the IJ violated her due process rights.  She complains that the IJ failed to develop the record fully and determined that Murillos-Dubon's application for asylum was not timely filed without first notifying her of the possible availability of that relief or giving her an opportunity to establish circumstances excusing the late filing.  Murillos-Dubon does not preset any arguments for our review challenging the denial of relief under the CAT.  *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Because the BIA approved of and relied on the IJ's decision, in addition to providing its own review of the evidence and the law, we review both decisions.  *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  We review constitutional claims and questions of law *de novo*, and findings of fact to determine if they are supported by substantial evidence in the record.  *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).

The BIA affirmed the IJ's adverse credibility finding based on inconsistencies in and discrepancies between statements that Murillos-Dubon made at her hearings, in her application, and in her initial interview at the border.  Murillos-Dubon challenges the BIA's and IJ's consideration of the statements she made during her border interview, but she has not shown that such consideration was fundamentally unfair.  *See Bustos-Torres v. INS,* 898 F.2d 1053, 1055–56 (5th Cir. 1990).  She also has not shown that, under the totality of the circumstances, no reasonable factfinder could have found that she lacked credibility.  Accordingly, we defer to the BIA's and IJ's finding.  *See Wang v. Holder*, 569 F.3d 531, 536–38 (5th Cir. 2009).

Murillos-Dubon also challenges the finding that she did not offer corroborating evidence to support her claim.  Substantial evidence supports

the BIA's finding that she failed to present reasonably available corroborating evidence. *Yang v. Holder*, 664 F.3d 580, 585–87 (5th Cir. 2011).

Finally, Murillos-Dubon has not shown that the BIA erred in denying her claim that the IJ violated her due process rights. The IJ had no duty to develop the facts necessary to prove a respondent's claims. Murillos-Dubon was not denied the opportunity to establish changed or extraordinary circumstances that would excuse the late filing of her application for asylum. She also has not shown that she was prejudiced by the IJ's failure to recognize a due process right to be advised that she could apply for asylum in response to her expressed fear of returning to El Salvador. *See Ramirez-Osorio v. INS*, 745 F.2d 937, 946 (5th Cir. 1984). Absent credible testimony and independent evidence supporting her request for relief, Murillos-Dubon's application for asylum would have failed even if she had been advised of her right to seek asylum and had established extraordinary circumstances to excuse her untimely filing.

Without credible testimony and reasonably available corroborating evidence, the BIA and IJ had no basis on which to grant Murillos-Dubon's request for withholding of removal. *See Chun v. INS,* 40 F.3d 76, 79 (5th Cir. 1994). In light of these holdings, we need not address the challenge to the BIA's and IJ's alternative determination that her claims, even if true, did not establish her eligibility for withholding of removal.

The petition for review is DENIED.