# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2022

Lyle W. Cayce
Clerk

No. 21-60607
Summary Calendar

Phuc Huu Ta,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. 203 100 248

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Phuc Huu Ta, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from a decision by the immigration judge (IJ) ordering his removal (fraudulent marriage) and denying his request for voluntary departure. He asserts he suffered substantial prejudice when the IJ violated his statutory, regulatory,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and due-process rights by admitting in evidence, and relying heavily on: his completed Form I-213 (record of deportable/inadmissible alien); a United States Customs and Immigration Services (USCIS) memorandum dated 15 September 2014; and the testimony of his putative wife, Dathao Thai Nguyen.

Ta has failed to raise and has thereby abandoned: any challenge to the BIA's determination that his request for voluntary departure was waived; his assertions before the BIA that the IJ erred in admitting the submission of evidence offered by the Department of Homeland Security (DHS) and in finding him removable even considering the disputed evidence; and any contention challenging the admission of the USCIS memorandum based on its allegedly untimely submission by DHS. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (explaining challenges not raised and briefed considered abandoned).

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), questions of law are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).

Removal proceedings are not governed by the ordinary rules of evidence or the full range of constitutional protections. *See Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012) (explaining Federal Rules of Evidence not binding in removal proceedings); *United States v. Benitez-Villafuerte*, 186 F.3d 651, 657 (5th Cir. 1999) (noting "deportation hearing is a civil, not a criminal, action" and, therefore, constitutional protections afforded to defendant in criminal proceeding not available to petitioner). Nevertheless, "[t]he Fifth Amendment's Due Process Clause protects individuals in removal proceedings" by requiring notice of the charges, a hearing before a tribunal, "and a fair opportunity to be heard". *Okpala v.*

*Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018). "The test for admissibility of evidence in a [removal] proceeding is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law". *Bustos-Torres v. I.N.S.*, 898 F.2d 1053, 1055 (5th Cir. 1990). "To prevail on a claim regarding an alleged denial of due process rights, an alien must make an initial showing of substantial prejudice", which "requires an alien to make a prima facie showing that the alleged violation affected the outcome of the proceedings". *Okpala*, 908 F.3d at 971. "Due process claims are reviewed *de novo*." *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020).

Ta contends the IJ violated his due-process rights by taking on the role of an advocate and requiring Nguyen to testify even though the DHS had failed to file a witness list, in violation of Immigration Court Practice Manual § 3.1(d)(ii). Because the IJ retains authority to set and extend deadlines and to regulate the acceptance of evidence, any challenge to the admission of Nguyen's testimony on regulatory grounds fails. *See* 8 C.F.R. § 1003.21(a)–(b); 8 C.F.R. § 1003.31(h). Furthermore, Ta has not established a due-process violation because he has failed to show it was fundamentally unfair to admit the clearly probative testimony of Nguyen, who was on Ta's witness list and was present at the hearing.

There is likewise no merit to Ta's complaint that the IJ violated the immigration regulations and his due-process rights by admitting the Form I-213 and the memorandum without requiring their authentication, even though their weight was limited. Although the authentication of official records is required, *see* 8 C.F.R. § 1287.6(a), an IJ "may receive in evidence any oral or written statement that is material and relevant to any issue in the case previously made by the respondent or any other person during any investigation, examination, hearing, or trial", 8 C.F.R. § 1240.7(a). Also, with respect to the regulatory challenge to admitting the Form I-213, Ta has

failed to assert he suffered any resulting harm. *See Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690 (5th Cir. 2009) (disregarding error as harmless where outcome would not have been different absent the error).

Our court has rejected a due-process challenge to the admission of a Form I-213, *inter alia*, for the following reason: "Official INS documents have been admitted in deportation proceedings without being identified by the signer when the person to whom the document refers does not attempt to impeach the information in the document". *Bustos-Torres*, 898 F.2d at 1056. Ta has not identified any inaccurate information in the Form I-213, and, as discussed *infra*, he does not identify any incorrect information in the memorandum. Therefore, Ta fails to show the admission of either of these challenged documents was so fundamentally unfair as to constitute a due-process violation. *See id.* Moreover, regarding the Form I-213, Ta has not challenged the BIA's implicit determination that he failed to show the requisite substantial prejudice. *See Okpala*, 908 F.3d at 971.

Finally, there is no merit to Ta's statutory and due-process challenges to the admission of the memorandum on the ground he lacked the opportunity to cross-examine its authors. An alien is statutorily entitled to "a reasonable opportunity" to cross-examine adverse witnesses. 8 U.S.C. § 1229a(b)(4)(B). "This court squarely holds that the use of affidavits from persons who are not available for cross-examination does not satisfy the constitutional test of fundamental fairness." *Olabanji v. I.N.S.*, 973 F.2d 1232, 1234 (5th Cir. 1992) (citation omitted). The right to cross-examination, however, may not be asserted "to prevent the government from establishing uncontested facts". *Id.* at 1234 n.1.

Ta neither raises any factual dispute regarding the information from the memorandum on which the IJ relied nor challenges the BIA's characterization that he failed to do so at the agency level. Because Ta has

No. 21-60607

effectively abandoned any factual challenge to the memorandum, he has failed to show its admission, even without the opportunity for cross-examination, violated his statutory rights or was so fundamentally unfair as to constitute a due-process violation.

DENIED.