# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-60162
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2025

Lyle W. Cayce
Clerk

Minmin Yu,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 854 675

———————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Minmin Yu, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Yu claimed that she was arrested,

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

detained, and beaten by the Chinese government due to her Christian religious activities.

We review the BIA's decision and consider the decision of the immigration judge (IJ) only to the extent it influenced the BIA. *Gjetani v. Barr*, 968 F.3d 393, 396 (5th Cir. 2020). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Substantial evidence supports the BIA's determination that Yu failed to demonstrate past persecution with regard to asylum and withholding of removal. In a single episode, Yu was arrested, beaten by a police officer while being interrogated, and detained for two days during which she was given little food and water and was deprived of sleep. The harm did not require treatment by a physician. After her release, the police searched her home for biblical materials and required that she check in with the police weekly and cease associating with her house church and its members.

Persecution requires an extreme level of conduct and "does not include every sort of treatment our society regards as offensive." *Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019) (internal quotation marks and citation omitted) (quoting *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007)); *see Rubio v. Bondi*, 147 F.4th 568, 576 (5th Cir. 2025). The evidence does not compel the conclusion that Yu's past harm rose to the extreme level required to qualify as persecution. *See Rubio*, 147 F.4th at 573-74, 577-78; *Gjetani*, 968 F.3d at 395-99. Yu also argues that she made the requisite showing of persecution because her participation in a house church qualified as "other resistance" under 8 U.S.C. § 1101(a)(42). Because the Respondent is correct that Yu did not exhaust this argument in the BIA, we do not consider it here.

No. 25-60162

*See* 8 U.S.C. § 1252(d)(1); *Medina Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

Regarding whether Yu had a well-founded fear of persecution, the BIA determined that she failed to show that her fear of persecution in China was objectively reasonable because it did not appear that the Chinese government was pursuing her in any way or would likely imprison or otherwise harm her should she return to China. As the BIA reasoned, Yu had no problems with clearing screening when she departed China by plane in 2014, or when her passport was renewed years later at the Chinese consulate in Houston, Texas. A reasonable factfinder could conclude that she failed to show that her fear of future persecution in China was objectively reasonable. *See Rubio*, 147 F.4th at 579-81. Because Yu has failed to demonstrate past persecution or a well-founded fear of persecution, as required for eligibility for asylum, she has also failed to satisfy the higher burden required for withholding of removal. *See Gjetani*, 968 F.3d at 399-400; *Rangel v. Garland*, 100 F.4th 599, 609 (5th Cir. 2024).

To obtain protection under the CAT, Yu was required to show that she more likely than not would suffer torture in China and that sufficient state action would be involved in that torture. *See Rangel*, 100 F.4th at 609. Yu fails to adequately brief an argument challenging the denial of her claim under the CAT and thus has waived any such argument. *See Medina Carreon*, 71 F.4th at 255. In any event, torture is a higher bar than persecution. *Rangel*, 100 F.4th at 610 (citing *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019)). Given that the basis for relief advanced by Yu fails to even meet the standards for past persecution or an objectively reasonable fear of future persecution, she cannot show the requisite likelihood of torture for purposes of the CAT. *See id.* at 609-10.

Next, Yu contends that her right to due process was violated on several grounds. We review due process claims de novo. *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012). She first argues that the IJ erroneously admitted impeachment evidence in the form of the Assessment to Refer (ATR) that was issued after her interview with an asylum officer.

The Federal Rules of Evidence are not binding in removal proceedings, but an IJ must conduct the proceedings in accordance with due process standards. *Id.* The test for the admissibility of evidence offered in a removal proceeding is "whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law." *Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990). To prevail on a due process claim, the alien must make an initial showing of substantial prejudice by making a prima facie showing that the alleged violation affected the outcome of her proceedings. *Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020).

As the BIA reasoned, the IJ's decision did not rely heavily on the ATR. The IJ did not make an adverse credibility finding against Yu, and the aspects of Yu's testimony that troubled the IJ were not implicated in the ATR. Yu has not made the requisite prima facie showing of prejudice to prevail on this due process claim. *See id.* at 439-40.

Yu also complains that the IJ refused to admit part of her evidence due to its untimeliness, but she makes no argument disputing that the evidence missed the filing deadline in her case and has failed to brief the issue. *See Medina Carreon*, 71 F.4th at 255. Yu further fails to develop any argument supporting her bare assertion that the IJ erred by requiring her to testify for over two hours without a break. *See id.* In any event, the claim is factually incorrect because the IJ ordered a 10-minute break for rest between Yu's direct examination and cross-examination. Yu has not demonstrated a due

No. 25-60162

process violation with respect to these claims. *See Bouchikhi*, 676 F.3d at 180. Lastly, she did not exhaust her claim that the IJ was biased against her, and we do not consider the claim here given the Respondent's exhaustion objection. *See* § 1252(d)(1); *Medina Carreon*, 71 F.4th at 257.

The petition for review is DENIED.