# United States Court of Appeals
## For the First Circuit

No. 03-1629

YVE SUMAYA AMPARO DE OCASIO,

Petitioner,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Howard, Circuit Judges,

and Stearns,* U.S. District Judge.

Randy Olen for petitioner.
Hillel R. Smith, Attorney, Office of Immigration Litigation,
Civil Division, with whom Peter D. Keisler, Assistant Attorney
General, and Terri J. Scadron, Assistant Director, were on brief,
for respondent.

July 14, 2004

*Of the District of Massachusetts, sitting by designation.

**Per Curiam**.  An immigration judge (IJ) denied Yve Sumaya Amparo de Ocasio's petition for permanent resident status and granted her request for voluntary departure after concluding that her marriage to Willy Ocasio was a sham.  The Board of Immigration Appeals (BIA) affirmed.  The petitioner contests the BIA's decision because Willy Ocasio's testimony was submitted by affidavit, and she therefore did not have the opportunity to cross-examine him.  We affirm.

The petitioner, a citizen of the Dominican Republic, married Willy Ocasio, a United States citizen, in December 1993.  In March 1995, based on this marriage, the petitioner was lawfully admitted to the United States for permanent residence on a conditional basis.  See 8 U.S.C. § 1186(a)(1).  As part of the process for adjusting the petitioner's status from conditional to full, permanent status, the petitioner and Ocasio appeared for an interview before an Immigration and Naturalization Service (INS) officer in May 1997.[1]  See 8 U.S.C. § 1186a(c)(1)(B).

At the interview, the petitioner testified that she and Ocasio were living together as husband and wife.  Ocasio, however, stated that the marriage was a sham and that he had married the petitioner as a favor to the petitioner's brother and in exchange for $2,000.  Ocasio thereafter submitted an affidavit memorializing

_____

[1] On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice.  Its enforcement functions were transferred to the Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002).  Because the events at issue here predate that reorganization, we refer to the INS in this opinion.

this testimony.  Based on the interview and affidavit, the INS revoked the petitioner's conditional status and charged her as a removable alien.

Around the time of the INS's decision, the petitioner filed for a divorce from Ocasio in Rhode Island state court.[2]  As a result, the petitioner filed an application for a hardship waiver pursuant to 8 U.S.C. § 1186a(c)(4).  Under this section, an immigrant spouse may receive permanent resident status, despite the breakup of her marriage, if the spouse can establish, inter alia, that she "entered into [the marriage] in good faith . . . ." Id. at § 1186a(c)(4)(B).  The INS examined the petitioner concerning the breakup of her marriage and denied the hardship waiver because the petitioner had presented false testimony concerning the bona fides of her marriage.

The petitioner then sought de novo review by an IJ of her request for a hardship waiver.  See 8 U.S.C. § 1186a(c)(3)(D).  At her May 17, 1999 hearing before the IJ, the petitioner claimed that the INS had erred in concluding that she did not enter into the marriage in good faith.  The petitioner testified on her own behalf and presented documentary evidence, including her marriage license, a birth certificate, tax returns, a marriage certificate, a joint bank account statement, utility and telephone bills, and the divorce decree.  The INS responded by attempting to introduce Ocasio's affidavit, but the petitioner objected because Ocasio was not present to testify.  The IJ agreed that the affidavit could not

---

[2] The petitioner's divorce became final on February 16, 1998.

-3-

be admitted until efforts were made to produce Ocasio. The IJ adjourned the proceedings until October 27, 1999.

On June 4, 1999, the INS issued Ocasio a subpoena directing him to appear at the October 27th hearing. The subpoena was successfully served on Ocasio by registered mail five days later. Ocasio, however, did not appear for the hearing. The INS attorney reported to the IJ that Ocasio's lawyer had told him that he doubted that Ocasio "would come because he thought he might have potential . . . criminal involvement if he were to come here and testify." The IJ then adjourned the hearing until May 3, 2000.

On April 18, 2000, the INS filed a motion with the IJ asking him to seek the United States District Court's assistance in producing Ocasio to testify. See 8 C.F.R. § 287.4(d) (authorizing IJ to request that the United States District Court issue an order requiring a recalcitrant witness to comply with an immigration court subpoena). Because of counsel's unavailability for the May 3rd hearing, the proceeding was delayed until March 2, 2001.

Ocasio did not appear for the March 2nd hearing. As a substitute, the INS introduced authentication testimony from an INS officer who was present when Ocasio signed the affidavit. After the officer's testimony, the IJ admitted the affidavit. The petitioner did not object.

After admitting the affidavit, the IJ closed the hearing. He then issued an oral decision rejecting the petitioner's request for a hardship waiver and granting her request for voluntary departure to the Dominican Republic. The petitioner appealed to

-4-

the BIA on the ground that the Ocasio affidavit should not have been admitted into evidence. The BIA affirmed, concluding that the INS "made attempts to compel [Ocasio's] presence for the hearing."

The only contested issue before us is whether the BIA acted within its authority in sustaining the IJ's admission of the Ocasio affidavit. The petitioner claims that the affidavit should have been excluded because its admission made the proceeding fundamentally unfair. We review this claim de novo. See Aguilar-Solis v. INS, 168 F.3d 565, 568 (1st Cir. 1999).

"The Federal Rules of Evidence do not apply in INS proceedings, Henry v. INS, 74 F.3d 1, 6 (1st Cir. 1996), but the less rigid constraints of due process impose outer limits based upon considerations of fairness and reliability." Yongo v. INS, 355 F.3d 27, 30 (1st Cir. 2004). One of these outer limits is that the INS may not use an affidavit from an absent witness "unless the INS first establishes that, despite reasonable efforts, it was unable to secure the presence of the witness at the hearing." Olabanji v. INS, 973 F.2d 1232, 1234 (5th Cir. 1992) (quoting Hernandez-Garcia v. INS, 882 F.2d 945, 948 (5th Cir. 1989); see Saidane v. INS, 129 F.3d 1063, 1065 (9th Cir. 1997); Dallo v. INS, 765 F.2d 581, 586 (6th Cir. 1985).

The petitioner claims that the INS did not use adequate measures to compel Ocasio's attendance at her hearing. The petitioner's argument suffers from a fatal threshold defect: she failed to make this argument to the IJ or even object to the admission of the affidavit. Under the circumstances, the IJ would

have been warranted to conclude that petitioner's counsel agreed that, by the time of the March 2001 hearing, the INS had satisfied its obligation to make reasonable efforts to secure Ocasio's presence at the hearing.

An alien who does not object to the admissibility of evidence at her deportation proceeding forfeits any objection to the admission of that evidence. See Matter of Edwards, 20 I & N Dec. 191, 199 n.4 (BIA 1990) ("Because the respondent did not object to the entry of this document into evidence at the hearing below, it is not appropriate for him to object on appeal."); see also Ayyoub v. INS, 93 Fed. Appx. 828, 834 (6th Cir. 2004) (unpublished disposition) (rejecting similar claim because of the petitioner's failure to object to the affidavit's admission); Fisher v. INS, 79 F.3d 955, 965 (9th Cir. 1996) (faulting alien's counsel for failing to object to admission of affidavit of absent declarant). Because the petitioner's claim fails on this basis, we do not reach her arguments regarding the fundamental fairness of the IJ's reliance on Ocasio's affidavit.

The petitioner asks alternatively that we reinstate her voluntary departure status and in its brief the INS stated its nonopposition to the request. We therefore reinstate the voluntary departure period granted by the BIA.

The petition for review is **denied**, the decision of the Board of Immigration Appeals is **affirmed**, and the voluntary departure period is **reinstated**.

-6-