**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4292
_____

HARJOT SINGH,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A074-875-022)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2010

Before: MCKEE, FUENTES and VAN ANTWERPEN,  Circuit Judges

(Opinion filed: July 1, 2010)
_____

OPINION
_____

PER CURIAM

        Harjot Singh petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition.

        Singh, a native of India, entered the United States in 1994 without inspection.  In

1997, he adjusted his status to that of a permanent resident on a conditional basis based on his marriage to a United States citizen. Singh and his wife divorced in October 2003. In 2005, the District Director revoked Singh's permanent resident status on the ground that Singh had not established that he entered the marriage in good faith. Because his permanent status had been revoked, Singh was charged as removable. Singh contested removability and applied for a waiver of the joint filing requirement to remove the conditions on his permanent resident status. After a hearing, the IJ denied Singh's application for a waiver and ordered Singh removed to India. The BIA dismissed Singh's appeal. It found no clear error in the IJ's determination that Singh had failed to prove that he married his ex-wife in good faith. Singh filed a timely petition for review.

In order to remove the conditional basis of the permanent resident status, an alien and his spouse must file a joint petition requesting removal of the conditional basis. 8 U.S.C. § 1186a(c)(1). If the alien fails to file a joint petition, the Attorney General may, as a matter of discretion, remove the conditional basis if the alien shows that the marriage was entered in good faith but has been terminated. See 8 U.S.C. § 1186a(c)(4)(B). We lack jurisdiction to review the discretionary denial of waivers under 8 U.S.C. § 1186a(c)(4). Urena-Tavarez v. Ashcroft, 367 F.3d 154, 161 (3d Cir. 2004). Thus, we may not address Singh's argument that the IJ and the BIA improperly weighed the evidence. However, we do retain jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D).

2

Singh argues that the IJ erred by not requiring the government to produce the investigator who wrote a report on which the government relied. Under 8 U.S.C. § 1229a(b)(4)(B), an alien shall have a reasonable opportunity to cross-examine witnesses presented by the government. To the extent that Singh is arguing that he was denied due process, we have jurisdiction over his claim. We review due process claims under a de novo standard of review. Fadiga v.Attorney General, 488 F.3d 142, 154 (3d Cir. 2007). An alien is entitled to a full and fair hearing of his claim and a reasonable opportunity to present evidence. Singh v. Gonzales, 432 F. 3d 533, 541 (3d Cir. 2006). To succeed on a due process claim, an alien must normally show substantial prejudice. Id.

The investigator had gone to the apartment building listed as the residence of Singh and his wife and had spoken to their neighbors. None of the neighbors knew of Singh or his wife, and someone else's name was on the door. The government indicated at the hearing that the investigator no longer worked for the government. The BIA concluded that the government made reasonable efforts to locate the investigator but had determined that he was no longer employed by the Department of Homeland Security. See Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 681-82 (9th Cir. 2005) (government may not use affidavit from absent witness unless it establishes that it was unable to present the witness despite reasonable efforts); Ocasio v. Ashcroft, 375 F.3d 105, 107 (1st Cir. 2004) (same); Olabanji v. INS, 973 F.2d 1232, 1234-35 (5th Cir. 1992) (same). Singh did not challenge the government's assertion that the investigator was

3

unavailable.

The IJ took into account the landlord's testimony that Singh lived at the apartment for many years. The IJ observed that the substance of the investigative report was actually consistent with Singh's testimony that he drove a truck for a living and was often away from home.

> But it is consistent with [Singh's] story. If he is never around, comes in once in a while, it is not unreasonable for anybody to say I have not seen this guy around. I believe he had a lease, I believe that [Singh] may have dropped by once in a while, but all of this lack of knowledge about basic life with a wife, a cousin, not even knowing about the wife being arrested, convicted, jailed for a six-month period during this idyllic relationship between 1996 and '03, leads me to believe this is a sham.

A.R. at 73-74. Thus, the IJ did not rely on the investigator's report to find that the marriage was a sham. He was more troubled by Singh's lack of knowledge of his wife's arrest history and the time she spent in jail. Therefore, Singh was not prejudiced by the admission of the investigator's report.

Singh also claims that the IJ assumed the role of a handwriting expert in questioning his ex-wife's signature on a letter. However, the IJ explicitly disclaimed any expertise in handwriting analysis and only observed that the signature on the letter was very different from the signature on the joint tax returns Singh had submitted. The IJ did not reject the letter based on his suspicions regarding her signature; rather, he discussed and considered its content. In the letter, Singh's ex-wife stated that she and Singh had loved each other but things had not worked out between them. A.R. at 171. The IJ noted

4

that she did not mention her arrests or drug abuse. He also pointed out that the ex-wife stated that the marriage lasted "a couple of years" even though she and Singh were married for seven years. A.R. at 12-13. Singh was not prejudiced by any comments the IJ made about the signatures.

For the above reasons, we will deny the petition for review.