**Roberth F. MONTES, Petitioner**

v.

**\*ATTORNEY GENERAL; Secretary of Department of Homeland Security; Assistant Secretary of Bureau of Immigration & Customs Enforcement, Respondents.**

No. 10–2561.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 14, 2011.

Opinion filed: April 19, 2011.

* Amended pursuant to F.R.A.P. 43(c)

**124**

Roberth F. Montes, Clifton, NJ, pro se.

Ada Elsie Bosque, United States Department of Justice, Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Theo Nickerson, Esq., Joan E. Smiley, Esq., Ann C. Varnon, Esq., Office of Immigration Litigation, Civil Division, Washington, DC, for Respondents.

Before: SLOVITER, FISHER and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Roberth F. Montes is a native and citizen of Peru who entered the United States without a valid visa or entry document in 1992. On February 18, 1994, he married a United States citizen, Carmen Jeannette Carreras. He was granted conditional permanent resident status in 1995. The couple filed a Form I–751 joint petition to remove the conditions on Montes' permanent resident status in 1997. Carmen Carreras withdrew her petition at her first DHS interview, however, admitting in a sworn statement that the marriage was a fraud. Montes divorced Carreras in 2003 and applied for a waiver of the joint petition requirement under INA § 216(c)(4)(B) [8 U.S.C. § 1186a(c)(4)(B)], which the USCIS ultimately denied in 2006.

The DHS terminated Montes' conditional permanent resident status and placed him in removal proceedings pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(D)(i) [8 U.S.C. § 1227(a)(1)(D)(i)] (based on his loss of permanent resident status) and INA § 237(a)(1)(A) [8 U.S.C. § 1227(a)(1)(A)] (for procuring an immigration benefit by fraud or willful misrepresentation of a material fact). Montes conceded his removability due to the loss of permanent resident status, but he denied that his marriage was a sham. He renewed his

request for a waiver. In support of his request, Montes submitted his marriage certificate, joint tax returns from 1994 through 2001, a joint bank account (opened in April 1994), a life insurance policy for his wife, an auto insurance policy that covered both of them as drivers, a health insurance card for him and his wife (through his employer), pictures of them together with her children, and receipts for various joint purchases. The Government submitted Carmen Carreras's sworn statement and the investigator's contemporaneous notes of the interview. The Immigration Judge (IJ) sustained both charges of removability and denied the waiver application, finding that the admission into evidence of Carreras's sworn statement through the testimony of the investigator did not violate due process, and that Montes failed to meet his burden of showing that he entered into his marriage with Carreras in good faith.

The Board of Immigration Appeals (BIA) dismissed Montes' appeal, holding that the IJ correctly denied a § 216(c)(4)(B) waiver.[1] The BIA explained that Montes failed to establish that he and Carreras "intended to establish a life together at the time they were married" under 8 C.F.R. § 1216.5(e)(2). The Board determined that Carreras's sworn statement to the investigator was "fundamentally fair" and comporting with due process. Montes filed a timely pro se petition for review.

 In order to remove the conditional basis of the permanent resident status, an alien and his spouse must file a joint petition requesting removal of the conditional basis. 8 U.S.C. § 1186a(c)(1). If the alien fails to file a joint petition, the Attorney General may, as a matter of discretion, remove the conditional basis if the alien shows that the marriage was entered into in good faith but has been terminated. § 1186a(c)(4)(B). Absent any constitutional or legal challenge to the exercise of discretion, this Court lacks jurisdiction to review the discretionary denial of waivers under § 1186a(c)(4). *Urena–Tavarez v. Ashcroft*, 367 F.3d 154, 161 (3d Cir.2004). Thus, we may not address Montes' argument that the IJ and the BIA improperly weighed the evidence. We retain jurisdiction, however, to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D).

Montes argues that the IJ denied him due process by not requiring the Government to produce Carreras to testify to her sworn statement. Consequently, Montes argues, he was wrongly denied an opportunity to cross-examine her. He also asserts that his ex-wife's statement is not trustworthy or reliable because it was not voluntary. We review due process claims under a de novo standard of review.[2] *Fadiga v. Att'y Gen.*, 488 F.3d 142, 154 (3d Cir.2007). Under 8 U.S.C. § 1229a(b)(4)(B), an alien shall have a reasonable opportunity to cross-examine witnesses presented by the Government. *See Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir.2006) (holding that an alien is entitled to a full and fair hearing of his claim and a reasonable opportunity to present evidence). As we explained in *Ezeagwuna v.*

---

1. The BIA declined to determine whether the IJ correctly sustained the removability charge under INA § 237(a)(1)(A), noting that Montes had already conceded his removability under INA § 237(a)(1)(D)(i). (AR 3.)

2. Montes did not to exhaust his due process claim because he failed to raise it in his appeal to the BIA. *See Lin v. Att'y Gen.*, 543 F.3d 114, 120–21 (3d Cir.2008). The BIA's *sua sponte* consideration of the due process issue, however, is sufficient for exhaustion in this case and, thus, we retain jurisdiction to consider it. *Id.* at 123–24.

*Ashcroft,* 325 F.3d 396 (3d Cir.2003), "[b]e-cause the Federal Rules of Evidence do not apply in asylum proceedings, [t]he test for admissibility of evidence ... is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law.'" *Id.* at 405 (*quoting Bustos–Torres v. INS,* 898 F.2d 1053, 1055 (5th Cir.1990)). "In the evidentiary context, fairness is closely related to the reliability and trustworthiness of the evidence." *Felzcerek v. INS,* 75 F.3d 112, 115 (2d Cir.1996).

There is nothing in the record indicating that the Government made a showing that it tried to locate and bring Carreras in to testify, even though it had notice well before the hearing on June 3, 2008.[3] *Hernandez–Guadarrama v. Ashcroft,* 394 F.3d 674, 681–82 (9th Cir.2005) ("the [DHS] may not use an affidavit from an absent witness unless the [DHS] first establishes that, despite reasonable efforts, it was unable to secure the presence of the witness at the hearing'") (*quoting Olabanji v. INS,* 973 F.2d 1232, 1234 (5th Cir.1992)); *see Ocasio v. Ashcroft,* 375 F.3d 105, 107 (1st Cir.2004) (same). Instead, the Government sought to admit Carreras's hearsay statement through the testimony of the investigator who took the interview. The investigator testified to her general practice of telling the interviewee that the sworn statement must be made voluntarily. (AR 158.) She also testified that she conducted her interviews by typing her questions and the interviewee's answers contemporaneously. (*Id.*) The investigator admitted, however, that she did not "recol-

lect the case," (A.R. at 160), and "I do not remember this case. I do not remember this case," (AR 167–68). Even so, the IJ admitted the hearsay statement without Carreras's testimony and relied on it as a "significant" and "critical" piece of evidence.

■ We need not decide whether the BIA erred in determining that the statement was properly admitted without Carreras's testimony or a showing by the Government of its efforts to procure Carreras's presence at the hearing. Even assuming Board error, Montes must still show substantial prejudice in order to prevail on his due process claim. *Singh v. Gonzales,* 432 F.3d at 541. This he cannot do. Although the Board relied on Carreras's statement in making its decision to affirm the IJ's denial of relief, the Board also cited other compelling evidence, which, alone, would support the Board's decision in this case. As the Board noted, his niece did not corroborate Montes' testimony in crucial ways. For instance, Montes' niece testified that she lived with Montes and Carreras for less than one year, in 2000. (AR 140.) Montes testified, however, that she lived with them from 1997 through 2002. (AR 127.) Additionally, the BIA noted that Carreras had a child by another man during the first year of their marriage, a marriage that Montes characterized as strong at that time. As the Board noted, Montes' explanation that they separated for the first time about four years later because of Carreras's extramarital pregnancy and childbirth was unpersuasive.

---

**3.** The Government argues that Carreras was available for Montes to call as a witness, it being his burden to show eligibility for a waiver. Because the Government sought to admit Carreras's statement, however, it had to present her as a witness. The Government had notice of Carreras's address in Puerto Rico in 2007, when Montes listed her as a witness. About a month prior to the June 2008 hearing, Montes' new lawyer did not list Carreras as a witness. The Government thus was on notice before the June 2008 hearing that it would have to bring Carreras in to testify or show that it had made reasonable efforts to locate her and to procure her appearance.

Montes' argument that Carreras's sworn statement was not voluntary and false also lacks merit. As the Board correctly noted, although Montes asserts that Carreras tried to recant her statement three times, he has not provided evidence in the form of a written recantation from Carreras. Thus, we conclude that Montes cannot show the requisite substantial prejudice. Accordingly, his due process claim must fail.

For the foregoing reasons, we will dismiss in part the petition for review for lack of jurisdiction and we will deny in part the petition for review with respect to Montes' due process claim.