**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0904n.06

No. 12-4110

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Oct 22, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMIL A. MUJALI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  COLE, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM.  Jamil A. Mujali, a citizen of Yemen, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his application to waive the joint filing requirement to remove the conditional basis of his permanent resident status.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Therefore, the motion for oral argument is denied.

Mujali was born in Yemen in 1970.  He entered this country in 1995, and lived in New York with his brother.  In 1997, he moved to Michigan, where he married a United States citizen.  He was granted conditional permanent residence status on the basis of the marriage.  Mujali's wife divorced him in 1998.  Therefore, he was required to seek a waiver of the joint filing requirement to remove the conditional basis of his permanent resident status under 8 U.S.C. § 1186a(c)(4)(A) and (B), arguing that he entered into his marriage in good faith, and that his removal will result in extreme hardship.  Mujali remarried in 2000 and has three children from his second marriage.

A hearing was held before an IJ, at which Mujali and several witnesses testified. Mujali moved for a subpoena to require the attendance of his first wife, which was granted, but she did not appear. Mujali testified that he approached someone he met at his mosque about arranging a marriage for him, and his first wife was proposed as a potential wife. Mujali testified that they married in May 1997 and that he moved into his in-laws' home, although he continued to make trips to New York, where he had lived previously. He did not get along with his in-laws, and sought to move out with his wife to their own place, but her parents would not agree. After approximately six months, he moved back to New York, where he obtained work and an apartment, and asked his wife to join him. However, he learned that she had filed for divorce and subsequently remarried. Mujali offered the testimony of witnesses who arranged the marriage and neighbors to corroborate his account, as well as affidavits from his former brother-in-law, father-in-law, and wife.

The IJ found that Mujali had not established that his first marriage was in good faith. She noted discrepancies between Mujali's statements and testimony, and those of his witnesses, concerning whether he met his wife before their wedding day, what kind of dowry contract was involved, and when he learned of the divorce. The IJ also found it critical that Mujali and his wife did not have any joint assets, and that he had no pictures of the two of them. Finally, the IJ noted that Mujali's ex-wife had not appeared for the hearing despite the issuance of a subpoena, and that she had at one point given a statement denying that they had ever lived together as husband and wife, but that she only heard from Mujali when he needed something for his immigration proceedings. The IJ also found that Mujali had not established that he would suffer extreme hardship if he was removed to Yemen. Therefore, the IJ ordered his removal. The BIA agreed with the IJ's decision and dismissed his appeal.

Before this court, Mujali challenges only the finding that he did not establish that his first marriage was entered into in good faith. He argues that he was denied the right to confront his ex-wife and that the IJ should have done more to enforce the subpoena issued for her presence.

Mujali takes issue with the IJ's consideration of his ex-wife's affidavit denying that they ever lived together as husband and wife. However, he did not object to the admission of that affidavit before the IJ, thus the argument is waived. *See DeOcasio v. Ashcroft*, 375 F.3d 105, 107 (1st Cir. 2004). Furthermore, any error in the IJ's consideration of his ex-wife's affidavit has not been shown to have resulted in prejudice affecting the outcome of the proceeding. *See Boadi v. Holder*, 706 F.3d 854, 859 (7th Cir. 2013); *Lin v. Holder*, 565 F.3d 971, 979 (6th Cir. 2009). The IJ gave several other reasons for finding Mujali's testimony incredible, including that it conflicted with his previous statements and his witnesses' testimony on several important points, that he lacked any of the normal corroborative evidence to demonstrate a good faith marriage, and that he did not appear to be interested in saving the marriage, as he left the state and did not return even when he learned that his wife was filing for divorce. Although Mujali relies on *Malave v. Holder*, 610 F.3d 483, 487 (7th Cir. 2010), for the proposition that the agency must use reasonable efforts to enforce a subpoena, he did not make this argument before the IJ, thus it is waived. *See DeOcasio*, 375 F.3d at 107.

For all of these reasons, we find no error in the proceedings below, and we deny the petition for review.