[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11267
Non-Argument Calendar
_____

Agency No. A079-377-772

BEATRIZ EUGENIA ZULUAGA HINCAPIE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 31, 2015)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Beatriz Zuluaga Hincapie, a native and citizen of Colombia proceeding *pro se*, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") finding that she was removable for procuring documentation by fraud and not being in possession of valid documentation at the time of entry or adjustment of status, and for procuring documentation by entering into a fraudulent marriage. First, Zuluaga Hincapie challenges the IJ's and BIA's admission of, and reliance upon, three sworn statements. In particular, she argues that: (1) the three statements were not reliable; (2) the statement of her ex-husband was not properly admitted as rebuttal evidence; and (3) the admission of the statements violated her due process rights to examine the evidence and cross-examine the witnesses against her. Further, she contends that substantial evidence did not support the IJ's and BIA's conclusion that she entered into a fraudulent marriage in order to obtain an immigration benefit. For ease of reference, we will address each point in turn.

I.

We review our own subject matter jurisdiction *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen*, 321 F.3d 1331, 1332 (11th Cir. 2003). Pursuant to the Immigration and Nationality Act ("INA"), we may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). If a petitioner has failed to exhaust her

2

administrative remedies by not raising an issue in her notice of appeal or appeal brief filed with the BIA, we lack jurisdiction to consider the claim. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006). To properly raise a claim before the BIA, the petitioner must give the agency a "full opportunity" to consider the petitioner's claim and compile a record adequate for judicial review. *Id.* at 1250 (quotations omitted). The petitioner must mention the issue and discuss its merits or at least challenge the underlying factual basis for the IJ's decision. *See Alim v. Gonzales*, 446 F.3d 1239, 1254 (11th Cir. 2006).

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). When the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

Additionally, we review constitutional challenges, including alleged due process violations, *de novo*. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).

The Fifth Amendment right to due process applies to non-citizens in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306, 113 S. Ct. 1439, 1449 (1993). "In order to establish a due process violation, an alien must show that [she] was deprived of liberty without due process of law, and that the asserted error caused

3

[her] substantial prejudice." *Gonzalez-Oropeza*, 321 F.3d at 1333 (citation omitted). "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix*, 605 F.3d at 1143. Although the Federal Rules of Evidence do not apply in immigration proceedings, *Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1347 (11th Cir. 2010), to safeguard due process rights, the INA provides that an alien shall have, among other things, "a reasonable opportunity to examine the evidence against the alien." 8 U.S.C. § 1229a(b)(4)(B).

Finally, the rules governing immigration court procedure state that the "requirements set forth in [the] manual are binding on the parties who appear before the Immigration Courts, unless the Immigration Judge directs otherwise in a particular case." U.S. Dep't of Justice, Exec. Office for Immig. Rev., Immigration Court Practice Manual ("Practice Manual"), § 1.1(b). In pertinent part, the Practice Manual states that "[f]or individual calendar hearings involving non-detained aliens, filings must be submitted at least fifteen (15) calendar days in advance of the hearing." *Id*. § 3.1(b)(ii)(A). However, this rule does not apply to "exhibits or witnesses offered solely to rebut and/or impeach." *Id*.

As an initial matter, we lack jurisdiction to consider Zuluaga Hincapie's argument that the IJ erred in determining that the three sworn statements were unreliable because she failed to exhaust her administrative remedies as to this

4

claim. *See Amaya-Artunduaga*, 463 F.3d at 1250-51. Zuluaga Hincapie did not argue on appeal to the BIA that the three statements were not genuine or that the IJ incorrectly found that they bore sufficient indicia of reliability. Accordingly, we dismiss the petition for review as to this argument.

Taking Zuluaga Hincapie's remaining arguments in turn, we find that the IJ properly admitted her ex-husband's sworn statement as rebuttal evidence. At the removal hearing, Zuluaga Hincapie testified, among other things, that her ex-husband was not gay and that they had not married in order for her to gain an immigration benefit. Her ex-husband's sworn statement directly contradicted her testimony because he stated that (1) he was gay; (2) they had never consummated their marriage; and (3) they had married so that she could remain in the United States. Because the Government introduced the statement in order to impeach Zuluaga Hincapie, it was not required to file the statement 15 days prior to the hearing, and the IJ did not commit any error by admitting the statement. *See* Practice Manual, § 3.1(b)(ii)(A).

Moreover, Zuluaga Hincapie has failed to demonstrate that the IJ violated her due process right to examine the evidence against her. Two of the three sworn statements were filed by the Government and placed in the administrative record 18 months before the removal hearing, and it was apparent from the record that Zuluaga Hincapie had the opportunity to view them. Furthermore, while her

former husband's sworn statement was not filed until the day of the hearing, Zuluaga Hincapie has not demonstrated how having prior access to the statement would have changed the outcome of her proceedings. Thus, she has failed to establish that she was substantially prejudiced. *See id.*; *Gonzalez-Oropeza*, 321 F.3d at 1333.

Likewise, Zuluaga Hincapie has not established that she was substantially prejudiced by the IJ's admission of the three sworn statements. Importantly, Zuluaga Hincapie did not make a timely objection to the first two statements at her removal hearing, and thus, she forfeited her objection to the admission of that evidence. *Ocasio v. Ashcroft*, 375 F.3d 105, 107-08 (1st Cir. 2004). The third sworn statement by her ex-husband merely corroborated these two properly-admitted statements. Even if the Court assumes that admission of her ex-husband's affidavit was a due process violation, Zuluaga Hincapie has not shown that the outcome of the proceeding would have been different in light of the record before the IJ and BIA. *See Indrawati v. U.S. Att'y Gen.*, No. 13-12071, 2015 WL 871709, at *11 (11th Cir. Mar. 2, 2015).

## II.

We review factual determinations, including findings of removability, under the substantial evidence test. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). The substantial evidence test requires us to "view the record

6

evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1027.  We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006) (quotations omitted).  Accordingly, in order for us to conclude that a finding of fact should be reversed, we must determine that the record "compels" reversal. *Id.* at 1255 (quotations omitted).  The Government bears the initial burden of establishing, by clear and convincing evidence, that an alien is removable.  8 U.S.C. § 1229a(c)(3)(A).

Substantial evidence supports the IJ's and the BIA's conclusion that Zuluaga Hincapie was removable because she entered into a fraudulent marriage with her ex-husband for the purpose of obtaining an immigration benefit.  The evidence in the record established that Zuluaga Hincapie's ex-husband was gay and in a relationship with her brother, and Zuluaga Hincapie and her ex-husband married in order to allow her to remain in the United States once her visa expired.  As such, the IJ's and BIA's conclusion was based on substantial evidence, and the record does not "compel" a conclusion contrary to that reached by the BIA and the IJ. *See Ruiz*, 440 F.3d at 1255.  Accordingly, we deny Zuluaga Hincapie's petition for review as to this claim.

**PETITION DISMISSED, IN PART, AND DENIED, IN PART.**