UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA RITA CASTILLO, AKA Maria Rita Moreno Velasquez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 18-70861

Agency No. A075-647-037

ORDER

Before: GOULD and CHRISTEN, Circuit Judges, and HELLERSTEIN,[*] District Judge.

The memorandum disposition filed in this case on May 14, 2020, is amended by the attached amended memorandum disposition. With this amended memorandum disposition, the panel has unanimously voted to deny the petition for panel rehearing. The panel has voted to deny the petition for rehearing en banc, and Judge Hellerstein so recommends. The petition for rehearing en banc was circulated to the judges of the court, and no judge requested a vote for en banc consideration.

The petition for rehearing and the petition for rehearing en banc are DENIED. The panel will not consider any further petitions for rehearing in

_____

[*] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

response to the amended memorandum disposition.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA RITA CASTILLO, AKA Maria Rita Moreno Velasquez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70861

Agency No. A075-647-037

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2020[**]
Pasadena, California

Before:  GOULD and CHRISTEN, Circuit Judges, and HELLERSTEIN,[***] District Judge.

Maria Rita Castillo petitions for review of the decision of the Board of

Immigration Appeals ("BIA") dismissing her appeal from the Immigration Judge's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review due process claims *de novo*. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). We review factual findings for substantial evidence. *Nakamoto v. Ashcroft*, 363 F.3d 874, 881 (9th Cir. 2004). Under the substantial evidence standard, factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.* at 881–82. The government has the burden of proof to establish removability by clear and convincing evidence. 8 U.S.C. § 1229a(c)(3)(A). Combining these standards, we consider whether substantial evidence supports a finding by clear and convincing evidence that Castillo entered into a fraudulent marriage in order to obtain her status as a permanent resident. *Nakamoto*, 363 F.3d at 882. We deny the petition for review.

Castillo is a native and citizen of Mexico. She married Ruben Castillo ("Ruben"), an American citizen, and adjusted to Legal Permanent Resident status based upon the marriage. Almost 12 years after their ceremony of marriage, Castillo and Ruben divorced. Around the time of the divorce, Ruben called a Department of Homeland Security ("DHS") tip line and reported that the marriage was a fraud entered into for immigration purposes. DHS Officer Elias Valdez investigated the tip and interviewed both Castillo and Ruben. According to Officer Valdez's Summary of Findings, Castillo admitted to marriage fraud and admitted to being in a relationship with Sophie Durant, Ruben's aunt. Ruben alleged that

2

Durant offered him $5,000 to marry Castillo. Based on this information, DHS filed a Notice to Appear charging Castillo with removability under 8 U.S.C. § 1227(a)(1)(A).

Castillo's due process rights were potentially violated when the IJ admitted Ruben's affidavit without any effort from the government to secure his in-person testimony. An alien facing removal is entitled to "a full and fair hearing of [her] claims and a reasonable opportunity to present evidence on [her] behalf." *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009) (alteration in original) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). Although the rules of evidence do not apply in immigration proceedings, "the government's choice whether to produce a witness or to use a hearsay statement [is not] wholly unfettered." *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 681 (9th Cir. 2005) (quoting *Saidane v. INS*, 129 F.3d 1063, 1065 (9th Cir. 1997)). The government may not use an affidavit from an absent witness without making "reasonable efforts . . . to secure the presence of the witness at the hearing." *Id.* (quoting *Ocasio v. Ashcroft*, 375 F.3d 105, 107 (1st Cir. 2004)). In this case, because the government made no effort whatsoever to secure Ruben's in-person testimony, the admission of Ruben's affidavit was fundamentally unfair and, if there had been prejudice, Castillo would have suffered a due process violation. *See*

*id.* (explaining that the test for proper admission of a hearsay affidavit is whether the statement is probative and the admission is fundamentally fair).

Although Castillo's due process rights were potentially violated, her due process claim fails because she did not show the necessary prejudice. *See Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076 (9th Cir. 2005) (requiring a showing of prejudice to grant a petition for review on due process grounds). Castillo did not establish that the results of the proceedings may have been affected if Ruben had testified in person. *Id.* Castillo introduced—and the IJ considered—extensive evidence impeaching Ruben's credibility, including testimony about his drug use and reputation for lying, and records of his criminal convictions. Despite this evidence, the IJ credited Ruben's version of the marriage, which confirmed Castillo's admission to Officer Valdez. Furthermore, even without Ruben's affidavit, there was substantial evidence of marriage fraud. Officer Valdez testified that he had an independent recollection of an interview with Castillo in which she admitted to marriage fraud. Because Castillo has not demonstrated that the outcome of the proceedings may have been different if Ruben had testified in person, Castillo cannot show prejudice and her due process claim fails.

Substantial evidence supports a finding that the government proved removability by clear and convincing evidence because both Castillo and Ruben

admitted to marriage fraud. The IJ and the BIA credited these admissions, and the record does not compel a contrary conclusion. *See Nakamoto*, 363 F.3d at 881–82.

**PETITION DENIED.**