# United States Court of Appeals for the Fifth Circuit

_____

No. 24-60504
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2025

Lyle W. Cayce
Clerk

Marina Mananova,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A241 156 286

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:*

Marina Mananova, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal of an immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Mananova contends the BIA erred in: affirming the IJ's adverse-credibility

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

determination; and concluding she failed to submit reasonably available corroborating evidence.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

An applicant seeking asylum must show persecution on account of a protected ground. *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021). A withholding claim has the same elements; but, an applicant seeking withholding must show that she "more likely than not" will be persecuted due to a protected ground if repatriated. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (citation omitted). Because withholding has a higher standard than asylum, an applicant who fails to show eligibility for the latter necessarily fails to show eligibility for the former. *Id.* Where one of the grounds for denying relief is dispositive, we need not consider the remaining grounds. *Orellana-Monson*, 685 F.3d at 522.

The IJ, considering the totality of the circumstances and all relevant factors, may base a credibility finding on, *inter alia*, "the consistency between [Mananova's] written and oral statements", the "internal consistency" of her statements, the consistency of her statements with the other record evidence, and "any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart

of the applicant's claim, or any other relevant factor". 8 U.S.C. § 1229a(c)(4)(C); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (asylum); 8 U.S.C. § 1231(b)(3)(C) (withholding of removal). "The IJ and BIA may rely on *any* inconsistency or omission in making an adverse credibility determination" if the applicant's lack of credibility is established by the totality of the circumstances and is "supported by specific and cogent reasons derived from the record". *Avelar-Oliva v. Barr*, 954 F.3d 757, 764, 767 (5th Cir. 2020) (quote on 764) (emphasis in original) (citations omitted). An adverse-credibility determination is conclusive unless no reasonable factfinder could make such a determination based on the totality of the circumstances. *Id.* at 763, 767.

Although the BIA referred to Mananova's sworn statement as a credible-fear interview, its citation to *Matter of J-C-H-F-*, 27 I. & N. Dec. 211, 212–16 (BIA 2018), which addressed the admissibility of border interviews, shows it was aware Mananova was challenging the admission of her border interview, which was conducted in Russian. To the extent she challenges the admissibility of the sworn statement, she fails to establish that admission and consideration of the statement was improper under *Matter of J-C-H-F-* or that its admission was fundamentally unfair. *E.g.*, *Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990) ("The test for admissibility of evidence in a deportation proceeding is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law."). In that regard, because we agree with Respondent that Mananova did not exhaust her contentions about the relative reliability and completeness of a border interview versus a credible-fear interview, we do not consider them. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

Mananova contends: there was no inconsistency between her sworn statement and her testimony because, when the asylum officer who conducted her border interview asked if she had been physically harmed, she

understood him to ask her if she had been raped and she had not; and she was embarrassed to speak of being sexually assaulted because other individuals were present. But, "[n]either an IJ nor the BIA is required to accept a petitioner's explanation for the plain inconsistencies in her story", and "this is not a situation where Petitioner failed to remember non-material, trivial details that are only incidentally related to her claim of persecution". *Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017).

Moreover, our court has upheld adverse-credibility determinations based on an asylum applicant's failure to mention traumatic experiences during his or her credible-fear interview. *E.g.*, *Avelar-Oliva*, 954 F.3d at 767–68. Finally, Mananova's reliance on *Ndungmbowo v. Garland*, No. 21-60213, 2023 WL 8016701, *3 (5th Cir. 20 Nov. 2023), is misplaced because the alien's later inconsistent testimony could have been encompassed by the more general torture that he previously reported. *See id.* Here, Mananova was specifically asked during her border interview if she had been physically harmed, and she responded that she had not.

The BIA's adverse-credibility decision is grounded in "specific and cogent reasons derived from the record", and Mananova cites nothing *compelling* a contrary conclusion. *Avelar-Oliva*, 954 F.3d at 767–68 (quote at 767). Because the adverse-credibility finding is dispositive of Mananova's asylum and withholding-of-removal claims, *see Arulnanthy*, 17 F.4th at 597 (asylum); *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) (withholding), our court need not address the BIA's finding regarding corroboration. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023).

The denial of CAT relief is reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). One who seeks CAT relief must show she more likely than not would be tortured with official

acquiescence if repatriated. *Morales*, 860 F.3d at 818. Mananova fails to do so.

Apart from her noncredible testimony, Mananova points to no particularized evidence showing an individualized risk of torture to her or governmental acquiescence, instead relying on generalized country-conditions evidence and an affidavit from her mother. This non-testimonial evidence does not *compel* a conclusion contrary to that of the BIA regarding the likelihood of torture and official acquiescence. *E.g.*, *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) ("Generalized country evidence tells us little about the likelihood state actors will torture any particular person[.]"); *see also Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014) ("[P]otential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence[.]").

DENIED.