# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2026

Lyle W. Cayce
Clerk

_____

No. 25-60238

_____

Sandeep Singh,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review from an Order of
the Board of Immigration Appeals
Agency No. A215 678 992

_____

Before Elrod, *Chief Judge*, and Willett and Wilson, *Circuit Judges*.
Per Curiam:[*]

Sandeep Singh unlawfully entered the United States. He conceded his removability but sought asylum, withholding of removal, and protection under the Convention Against Torture. An Immigration Judge (IJ) made an adverse credibility finding against Singh and denied Singh's claims for relief from removal. The Board of Immigration Appeals (BIA) affirmed. We deny the petition for review.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60238

## I.

Sandeep Singh is a native and citizen of India. After unlawfully entering the United States in April 2018, Singh conceded his removability and sought relief by applying for asylum, withholding of removal, and protection under the Convention Against Torture. Singh based his claims for relief on his Sikh religion and his affiliation with the Mann Party, a religious and political party, asserting that he was attacked by members of the Bharatiya Janata Party on two separate occasions.

At a hearing before an IJ, the Government impeached Singh's credibility by offering a forensic report indicating that a page of Singh's passport had been altered after being disassembled and reassembled. While the rest of the passport was "probably genuine," the altered page included stamps showing that Singh left India on March 30, 2018, and arrived in Mexico on April 1, 2018. Countering the report, Singh asserted that he thought he was traveling lawfully. He objected to the admission of the forensic report, arguing that he did not have time to review it or determine its legitimacy. The IJ admitted the report but allowed a brief recess to let Singh and his counsel review it.

After the recess, Singh testified that his father had obtained his passport for him, and that his father did so after Singh was attacked in January 2018. When the IJ then asked why Singh's passport indicated that it was issued in October 2017, Singh replied only that he did not know. The IJ also asked Singh about two supporting affidavits purportedly from Singh's father and Singh's friend. The affidavits were essentially identical in their phrasing, even down to the same grammatical errors. Singh offered no explanation, except that his father and his friend spoke the same language and had recounted the same incidents.

No. 25-60238

The IJ found that Singh was not credible because of his use of the altered passport, his inability to explain the inconsistency between when the passport was sought and obtained, and the suspect similarities between his father's and friend's affidavits. Based on that adverse credibility finding, the IJ denied Singh's claims for relief.

The BIA dismissed Singh's appeal. Singh had argued that the IJ should have given him an opportunity to rebut the forensic report regarding his passport. But the BIA rejected that argument because Singh had never requested a continuance, nor did he explain how he would rebut the report. The BIA also concluded that the IJ had permissibly drawn negative inferences from Singh's inability to explain the passport alteration, the inconsistency regarding when he sought and obtained the passport, and the similarities of the affidavits he offered. The BIA held that there was no clear error in the IJ's adverse credibility finding.

Singh petitioned this court for review. He contends that the IJ's adverse credibility finding (as well as the BIA's affirmance of that finding) was erroneous. In Singh's view, the IJ had improperly admitted the forensic report, and even if its admission was proper, it was insufficient to support an adverse credibility determination under the totality of the circumstances. Singh further argues that the IJ should have given him a reasonable opportunity to explain the similarities of his two supporting affidavits, and he contends that those similarities were likewise insufficient to support an adverse credibility determination under the totality of the circumstances.[1]

_____

[1] Singh makes no argument about the discrepancy regarding when his passport was sought and issued. He has therefore forfeited any challenge to the BIA's determination that the conflicting evidence supported an adverse credibility finding. *See Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023).

No. 25-60238

## II.

We review the BIA's decision and consider the decision of the IJ "only to the extent that it influenced the BIA." *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021). The Federal Rules of Evidence are not binding in removal proceedings, but an IJ must conduct the proceedings in accordance with due process standards. *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012) (per curiam); *Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990). Evidence may be admitted in a removal proceeding if "the evidence is probative and . . . its use is fundamentally fair so as not to deprive the alien of due process of law." *Bustos-Torres*, 898 F.2d at 1055. We review due process claims *de novo*. *Toscano-Gil v. Trominski*, 210 F.3d 470, 473 (5th Cir. 2000).

We review adverse credibility findings under the substantial evidence standard. *Arulnanthy*, 17 F.4th at 593. Such a finding must be upheld unless it is clear from the totality of the circumstances that a reasonable factfinder would be compelled to conclude to the contrary. *See id.* (citing 8 U.S.C. § 1252(b)(4)(B)). Adverse credibility determinations must be supported by specific reasons derived from the record, but an IJ may rely on any inconsistency or omission in determining that a petitioner is not credible. *Id.* (citations omitted). Neither an IJ nor the BIA must accept a petitioner's explanation for plain inconsistencies in his story. *Id.*

Here, the BIA did not err in concluding that the IJ's admission of the forensic report comported with due process. The report was probative regarding Singh's testimony about the timing of his exit from India as well as the circumstances under which Singh obtained his passport. Those facets of his account are quite relevant to Singh's claims and credibility. Additionally, Singh was given the opportunity to rebut the report and did not dispute that his passport had been altered. While Singh argues that he had inadequate

4

time to review the report, the IJ gave Singh a recess and Singh thereafter did not request a continuance. In short, the forensic report was probative and its use was fundamentally fair. Singh has therefore not shown that the report's admission violated due process. *See Bustos-Torres*, 898 F.2d at 1055.

The BIA likewise did not err in concluding that the IJ adequately provided Singh with notice and a reasonable opportunity to explain questions about his father's and friend's affidavits. The IJ specifically asked Singh about how the affidavits were prepared and why they were so similar, and the IJ read to Singh an example of the nearly identical wording. Singh's response indicated simply that both affiants spoke the same language and recounted the information that they each knew about what happened to Singh. The BIA was not required to accept Singh's explanation, especially given other reasonable interpretations of the evidence. *See Arulnanthy*, 17 F.4th at 594.

In sum, the IJ's adverse credibility finding was supported by specific reasons derived from the record: Singh was unable to explain the alteration to his passport, the inconsistency between when and how he sought and obtained the passport, and the similarities of the two supporting affidavits he offered. Substantial evidence therefore supports the IJ's adverse credibility finding, and the record certainly does not compel the opposite conclusion. Singh has failed to show that no reasonable factfinder could have made the adverse credibility finding under the totality of the circumstances. *Id.* at 593–95. On the basis of that finding, Singh's claims for relief were properly denied. *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020).

PETITION DENIED.